IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD ALAN MICHEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.   20-2032 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16).  After careful consideration of the submissions of the parties, and based on my opinion set forth below, I am denying Plaintiff's Motion (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability widower's benefits and supplemental security income pursuant to the Social Security Act.   Plaintiff filed his applications on February 21, 2019 and November 22, 2019, respectively.  Administrative Law Judge ("ALJ"), Christian Bareford, held a hearing on February 11, 2020.  (ECF No. 10-2, pp. 33-58).   On March 3, 2020, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 10-2, pp. 13-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15).   The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity (RFC)[2]

Plaintiff argues that the ALJ erred by failing to fully account for all of his shoulder limitations in the RFC without explanation. (ECF No. 14). To that end, Plaintiff submits that "[a]fter finding Plaintiff's shoulder impairment to be 'severe,' the ALJ failed to include the most significant functional limitations related to it in the RFC or reasonably explain their exclusion." (ECF No. 14, p. 10). Specifically, Plaintiff suggests that the ALJ ignored parts of the record relating Plaintiff's shoulder limitations, failing to comment on the physical therapy notes or the injections in his left shoulder. (ECF No. 14, pp. 11-12). Additionally, Plaintiff submits that the ALJ neglected to discuss Dr. Smith-Demain's opinion that Plaintiff is limited to occasional reaching in all directions

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. *Id.*

3

with the left hand. (ECF No. 14, p. 12). Therefore, Plaintiff concludes that remand is warranted. (ECF No. 14, p. 15). After a careful review of the record, I disagree.

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability[3] and consistency.[4] *Id.* at §§404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however,

---

[3]With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4]With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

the ALJ must explain how he/she considered the other factors.   *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).

Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.   *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).   Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources in accordance with the above requirements.  *Id.* at §§404.1520c(d); 416.920c(d).   This does not mean, however, that an ALJ does not need to discuss the medical record or provide the reasons for his decision. While the ALJ need only discuss the most pertinent, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

In this case, the ALJ found Plaintiff had the RFC to perform medium work, with certain exceptions including, *inter alia,* no reaching overhead to the left but no other limitations on reaching; lifting / carry 50 pounds occasionally and 25 pounds frequently; push/pull as much as can lift/carry; and never climb ladders, rope, or scaffolds.   (ECF No. 10-2, p. 19).   In arriving at this determination, the ALJ found the opinion of the consultative examiner, Dr. Smith-Demain, to be partially consistent with the medical evidence and incorporated the doctor's written statement into his decision.  (ECF No. 10-2, p. 23).   The written portion of Dr. Smith-Demain's statement adopted by the ALJ, as opposed to the checked box portion, noted that Plaintiff attended physical therapy in the past and received injections for his torn left rotator cuff, neither of which provided significant benefit.  (ECF No. 10-10, p. 2).  With regard to Plaintiff's left shoulder, Dr. Smith-Demain found Plaintiff's upper extremities strength was 5/5 with "no cyanosis, clubbing, or edema. Pulses psychologic and equal.   No significant varicosities or trophic changes.   No muscle

atrophy evident." (ECF No. 10-10, p. 5). The doctor also noted Plaintiff's history of torn left rotator cuff and chronic left shoulder pain. *Id.* The ALJ specifically incorporated this into his decision. (ECF No. 10-2, pp. 21, 23). Furthermore, I note that while the ALJ did not state that Dr. Smith-Demain's checked box limitation of occasional reaching in all directions was inconsistent, the ALJ sufficiently stated which portions of Dr. Smith-Demain's opinion was consistent with the medical evidence. (ECF No. 10-2, p. 23).

Moreover, with regard to Plaintiff's shoulder limitations, the ALJ also considered the opinions of Dr. Guie and Dr. Fox and incorporated their written statements into his decision (both of which considered Plaintiff's physical therapy records), Plaintiff's testimony, the testimony of others, and Plaintiff's activities of daily living in formulating the RFC. (ECF No. 10-2, pp. 19-26). He discussed them in terms of supportability and consistency. *Id.* Taken together, this creates the logical bridge necessary for me to conduct a proper and meaningful review. Thus, contrary to Plaintiff's argument otherwise, I find the ALJ did not ignore or fail to properly discuss the evidence as it relates to his left shoulder impairment.

After a careful review of the record and reading the decision of the ALJ as a whole, I find that I am able to sufficiently discern the basis for the ALJ's opinion regarding left shoulder limitations and find that it is based on substantial evidence. (ECF No. 10, pp. 13-28). Thus, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD ALAN MICHEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> KILOLO KIJAKAZI,[5] ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No.  20-2032 |

AMBROSE, Senior District Judge

### ORDER OF COURT

THEREFORE, this 7th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 13) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[5] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.